# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BANK OF AMERICA,
      Plaintiff,

      v.

MELISSA PASTORELLI-CUSEO, and
ALBERT CUSEO III,
      Defendants.

No. 3:17-cv-01666 (SRU)

## ORDER REMANDING CASE

Melissa Pastorelli-Cuseo[1] removed a foreclosure action against her and Albert Cuseo from Connecticut Superior Court. *See* Doc. No. 1. When Cuseo previously removed the same foreclosure action from state court, my colleague United States District Judge Jeffrey A. Meyer remanded for untimely removal and lack of subject matter jurisdiction. *See* Order, Doc. No. 16, No. 3:17-cv-01190 (JAM) (D. Conn. Aug. 4, 2017). Applying the law of the case doctrine, I adhere to Judge Meyer's ruling and *sua sponte* remand the case to state court.

## I.    Background

On June 17, 2014, Bank of America initiated an action to foreclose on property owned by Cuseo and Pastorelli-Cuseo. *See* Compl., No. FBT-CV14-6043796-S (Conn. Super. Ct. June 17, 2014). Bank of America amended its complaint on September 1, 2015. Doc. No. 131.00, *id.* (Sept. 1, 2015). Both Cuseo and Pastorelli-Cuseo moved to dismiss the action, Docs. Nos. 143.00 & 145.00, *id.* (Apr. 4, 2016), but the Superior Court denied their motions. Doc. No. 143.10, *id.* (June 7, 2017). Shortly after the Superior Court denied the motions to dismiss, Cuseo

---

[1] The Clerk is directed to correct the spelling of Pastorelli-Cuseo's surname on the docket.

removed the case to federal court.[2] Doc. No. 181.00 (July 18, 2017). The case was assigned to Judge Meyer and given the docket number 3:17-cv-01190 (JAM).

Bank of America moved to remand to state court, arguing that removal was not allowed on the basis of either diversity jurisdiction (because Cuseo is a citizen of Connecticut),[3] or federal question jurisdiction (because no federal claims appeared on the face of Bank of America's complaint). *See* Doc. No. 12, No. 3:17-cv-01190 (JAM) (D. Conn. July 25, 2017). In addition, Bank of America argued that removal was untimely, having occurred well beyond the statutory period of "30 days after the receipt by the defendant . . . of a copy of the initial pleading." *See* 28 U.S.C. § 1446(b). Cuseo opposed Bank of America's motion to remand. *See* Doc. No. 15, No. 3:17-cv-01190 (JAM) (D. Conn. Aug. 2, 2017).

On August 4, 2017, Judge Meyer granted the motion to remand "for substantially the reasons set forth in plaintiff's motion." Order, *id.* (Aug. 4, 2017). In particular, Judge Meyer noted that "there is no basis for removal on grounds of diversity jurisdiction in light of the limitation set forth in 28 U.S.C. § 1441(b)," and that Cuseo had not "shown that there is any federal question jurisdiction or that the removal of th[e] action [was] otherwise timely." *Id.* Because Judge Meyer deemed Cuseo's "removal . . . [to be] plainly frivolous," he ordered Cuseo to pay Bank of America's attorneys' fees and costs in connection with the motion to remand. *Id.*

---

[2] Pastorelli-Cuseo was not listed in the caption of the Notice of Removal and was not identified as a party in the federal action. She "consent[ed] to the removal" in writing, however, Doc. No. 1, at 4, No. 3:17-cv-01190 (JAM) (D. Conn. July 18, 2017), and was given notice of Cuseo's filings, so I conclude that any objections she might have had were waived.

[3] Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."

On August 22, 2017, the Clerk effected remand to Connecticut Superior Court. Doc. No. 18, *id.* (Aug. 22, 2017); Doc. No. 184.00, No. FBT-CV14-6043796-S (Conn. Super. Ct. Aug. 24, 2017). The Superior Court scheduled trial to begin on October 3, 2017. *See* Doc. No. 186.50, *id.* (Sept. 14, 2017). On October 3, 2017, Pastorelli-Cuseo removed the case to federal court for a second time. The case was assigned to me and given the docket number 3:17-cv-01666 (SRU).

Bank of America filed a motion to remand on October 12, 2017. Doc. No. 8. Because Pastorelli-Cuseo's notice of removal unquestionably is barred by the law of the case doctrine, I have not considered Bank of America's submission but instead order remand *sua sponte*.

## II.    Discussion

"[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Co.*, 486 U.S. 800, 815–16 (1988) (internal brackets omitted). The doctrine "applies to issues that have been decided either expressly or by necessary implication," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir. 1994), and has as much force with respect to "the decisions of a coordinate court in the same case as to a court's own decisions." *Christianson*, 486 U.S. at 816. Although the doctrine is "discretionary, not mandatory," *Rezzonico v. H&R Block*, 182 F.3d 144, 149 (2d Cir. 1999)—in that it "does not limit a court's power to reconsider . . . decisions," *DiLaura v. Power Auth.*, 982 F.2d 73, 76 (2d Cir. 1992)—the law of the case "expresses the general practice of refusing to reopen what has been decided." *United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982). Courts "may depart from the law of the case for 'cogent' or 'compelling' reasons," such as "an intervening change in law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'" *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (quoting *United States v.*

*Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002)). Nevertheless, "[a] court should be 'loathe' to revisit an earlier decision 'in the absence of extraordinary circumstances.'" *N. River Ins. Co. v. Phila. Reins. Corp.*, 63 F.3d 160, 165 (2d Cir. 1995) (quoting *Christianson*, 486 U.S. at 817).

A district court's remand order "establishes the law of the case" with respect to the case's removability. *Midlock v. Apple Vacations W.*, 406 F.3d 453, 457 (7th Cir. 2005); *accord Jackson v. Metro. Prop. & Cas. Ins. Co.*, 2008 WL 58953, at *2 (M.D. Fla. Jan. 3, 2008) ("When a case is remanded back to state court after an improper removal, the remand becomes the law of the case."); *cf. Christianson*, 486 U.S. at 816 n.5 (law of the case applies to decisions that "implicate . . . jurisdiction"). Moreover, a federal statute, 28 U.S.C. § 1447(d), effectively makes the doctrine mandatory in removal cases. That statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Thus, a defendant may only "file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." *One Sylvan Road N. Assocs. v. Lark Int'l*, 889 F. Supp. 60, 62 (D. Conn. 1995); *compare St. Paul & Chi. Ry. Co. v. McLean*, 108 U.S. 212, 217 ("[A] party is not entitled . . . to file a second petition for the removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . ."), *with Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909) ("[I]f, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, . . . a second application to remove may be made . . . ."). In other words, section 1447(d) and the law of the case doctrine collectively bar "a successive removal by the same party on the same grounds if nothing of significance has changed since the prior removal." *Hughes v. Mylan Inc.*, 2011 WL 5075133, at *6 (E.D. Pa. Oct. 25, 2011) (citing *Bank of N.Y. Mellon v. Ribadeneira*, 2011 WL 3843817, at *1 (D. Ariz., Aug. 30, 2011)).

In the present case, Judge Meyer already concluded that the lawsuit is not removable. Pastorelli-Cuseo has not identified any "cogent and compelling reasons" or "extraordinary circumstances" that would warrant revisiting Judge Meyer's determination. *See Johnson*, 564 F.3d at 99; *N. River Ins. Co.*, 63 F.3d at 165. Indeed, Pastorelli-Cuseo's notice of removal is almost identical to Cuseo's earlier one.[4] Furthermore, "subsequent pleadings or events" have not "reveal[ed] a new and different ground for removal." *See Lark Int'l*, 889 F. Supp. at 62; *see Deutsche Bank Nat'l Tr. v. Jenkins*, 2008 WL 4926968, at *1 (S.D. Fla. Nov. 17, 2008) ("[A] pleading must establish that the Court's consideration of the second removal is more than reconsideration of the 'same grounds' upon which the case was first removed."). To the contrary, "from a removal perspective, this case is the same as it ever was. The same Plaintiff[] ha[s] sued the same Defendants, . . . bring[ing] the same legal claims and seek[ing] the same relief as sought previously." *Hughes*, 2011 WL 5075133, at *6. As such, Pastorelli-Cuseo's second notice of removal constitutes an improper attempt to 'circumvent section 1447(d)'s prohibition on reconsideration," *see Nicholson v. Nat'l Accounts*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000), and is "barred by the doctrine of the law of the case." *See Midlock*, 406 F.3d at 457.

## III. Conclusion

I adhere to Judge Meyer's earlier ruling on the basis of the law of the case doctrine, and conclude that there is no federal subject matter jurisdiction over this case. Therefore, I order the case remanded to Connecticut Superior Court. Because Pastorelli-Cuseo's removal "served to delay ongoing state court proceedings" and (in light of Judge Meyer's ruling) was even more

---

[4] The second notice of removal adds a few more allegations of past misconduct by Bank of America, but "a court may not reconsider a prior remand order because of additional evidence . . . which only adds evidentiary support to the previously submitted argument." *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1312 (M.D. Ala. 2002).

"plainly frivolous" than Cuseo's, *see* Doc. No. 16, No. 3:17-cv-01190 (JAM) (D. Conn. Aug. 4, 2017), I order Pastorelli-Cuseo to pay Bank of America's attorneys' fees and costs in connection with the filing of its motion to remand.

The Clerk shall transfer the file to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of October 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge